**FILED**

JAN 16 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| MALACHI CODY LEE ROBINSON, | Cause No. CV-07-0112-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE |
| VALERIE CHESTNUT; JENNA EVANS; MIKE FERRITER; PROBATION AND PAROLE—MISSOULA, MONTANA; DET. DEAN CHRISTENSON–MISSOULA POLICE DEPARTMENT; DEPARTMENT OF CORRECTIONS; and the STATE OF MONTANA, | JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| Defendants. | |

This matter is before the Court on Plaintiff Malachi Cody Lee Robinson's Complaint filed pursuant to 42 U.S.C. § 1983 seeking damages based upon an allegation that he was held without process in the Missoula County Detention Facility from July 6, 2006 to July 26, 2006. (Documents 1 and 2). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

On September 4, 2007, this Court granted Plaintiff's motion to proceed in forma pauperis and required Plaintiff to file an Amended Complaint on or before September 28, 2007. The

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

Court also noted that Plaintiff was no longer listed on the Department of Corrections website as being incarcerated at the Montana State Prison. Therefore, the Court required Plaintiff to file a notice of change of address. Plaintiff was advised that if he failed to file such a notice his Complaint would be subject to dismissal without further notice to him. (Document 4).

The Court's Orders were returned in the mail on September 11, 2007. On that same date, the Court resent Documents 3, 4 and 5 to Plaintiff care of the Missoula Probation and Parole office. Those documents were not returned. However, Plaintiff has failed to file an Amended Complaint and failed to file a Notice of Change of Address.

On November 16, 2007, the Court issued an Order directing Plaintiff to show cause, within ten days, why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. and for failure to comply with the Court's Order and the Court's local rules.

On November 26, 2007, the Order sent to Plaintiff was returned as undeliverable. (Document 10). The Court has received no response from Plaintiff.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiff's failure to respond to the Court's Orders and failure to update the Court with his current address, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983). Plaintiff was advised of the need to keep the Court updated with his current address pursuant to the Notice of Case Opening mailed by the Clerk of Court upon the filing of Plaintiff's Complaint. Plaintiff failed to update his address with the Court after he was paroled from Montana State Prison. The Court must be able to manage its docket and it cannot do so, if it cannot communicate with the Plaintiff. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case and thus there is no immediate prejudice to Defendants. However, given Plaintiff's failure to provide an undated address, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Again Plaintiff was warned that a failure to keep the court advised of any change of address could result in a dismissal of his case without notice to him. The Court has the authority to dismiss a claim when a party fails to notify the Court of a change of address. Rule 5.4 of the Local Rules of Procedure for the United States District Court for the District of Montana (in effect at the time Plaintiff filed his Complaint) stated:

> (a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) Dismissal Due to Failure to Notify. The Court may dismiss a complaint without prejudice or strike an answer when:
>
>> 1) mail directed to the attorney or *pro se* party by the Court has been returned to the Court as not deliverable; and
>>
>> 2) the Court fails to receive within 60 days of this return a written communication from the attorney or *pro se* party indicating a current address.

The Court's Orders of September 4, 2007 and November 16, 2007 (Documents 4 and 9) were returned to the Court as undeliverable (Documents 6 and 10) and more than 60 days have passed without any notice of Plaintiff's current address.

Although the Court could grant Plaintiff additional time to respond, this alternative would be futile given the Court does not have a valid address for Plaintiff. Plaintiff will have an opportunity to file objections to these Findings and

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has refused to provide the Court with an updated mailing address and therefore failed to comply with this Court's Orders and the Court finding that the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. § 1983, the Court enters the following:

## RECOMMENDATION

That Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is directed to serve a copy of this document upon Plaintiff at Montana State Prison and in care of the Missoula Probation and Parole Office, 2415 Mullan Road, Missoula, MT 59808.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 5

determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 16th day of January, 2008.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge