

**FILED**

FEB 0 4 2008

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MALACHI CODY LEE ROBINSON, | ) | CV 07-112-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| VALERIE CHESTNUT; JENNA EVANS; MIKE | ) | |
| FERRITER; PROBATION AND PAROLE - | ) | |
| MISSOULA. MONTANA; DET. DEAN | ) | |
| CHRISTENSON-MISSOULA POLICE | ) | |
| DEPARTMENT; DEPARTMENT OF | ) | |
| CORRECTIONS; and the STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robinson filed this action pursuant to 42 U.S.C. §
1983 on August 29, 2007. He was granted in forma pauperis status
and was instructed to file an amended complaint on September 4,
2007. That same day the Court ordered the Plaintiff to file a
notice of change of address, as the Plaintiff was no longer
listed as a person in the custody at the Montana State Prison.

The Plaintiff was advised that failure to update his mailing information could result in the dismissal of his case.  Those documents were returned to the Court on September 11, 2007.

On November 16, 2007, United States Magistrate Judge Jeremiah C. Lynch gave the Plaintiff ten days to appear and show cause why his failure to prosecute should not result in dismissal of the Complaint.  The Order sent to the Plaintiff was returned as undeliverable on November 26, 2007.  Plaintiff did not respond to the Order.

Judge Lynch entered Findings and Recommendations in this matter on January 16, 2008, in which he recommends dismissal of the Complaint for failure to prosecute under Fed. R. Civ. P. 41(b).  Petitioner did not timely object and so has waived the right to de novo review of the record.  28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error.  McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all

-2-

favor dismissal, while only the preference for resolution of cases on the merits does not.  On this basis Judge Lynch recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this ___ day of February, 2008.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

-3-